(4 App. Div. 414.)

AITKIN v. AITKIN.

(Supreme Court, Appellate Division, Third Department. April 27, 1896.)

CONTRACTS—INTERPRETATION.

    Plaintiff agreed to rent his house to defendant's testator for a certain time, and testator agreed to pay the expense that plaintiff should incur in repairing a certain other house owned by him for the use of his (plaintiff's) family during such time. After making such agreement,

plaintiff ascertained that the cost of repairing the other house would be about $500, and testator agreed to pay that sum, and also any sum that it might cost in excess of $500. *Held*, that the meaning of such agreement was that testator would pay the expense of repairing plaintiff's other house, whether the amount was more or less than $500.·

Appeal from judgment on report of referee.

Action by Richard A. Aitkin against Nellie L. Aitkin, as administratrix of J. Scott Aitkin, deceased, for rent. There was a judgment in favor of plaintiff, and defendant appeals. Modified.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Bernard J. Tinney (I. H. Maynard, of counsel), for appellant.

Brownell & Cochrane (A. V. S. Cochrane, of counsel), for respondent.

HERRICK, J. The plaintiff, in his complaint, seeks to recover from the defendant the rent of a certain dwelling house alleged to have been leased by him to defendant's testator in his lifetime, and alleges in his complaint that, by said lease and agreement, it was understood and agreed that the plaintiff "was to place in suitable repair a certain other house of the plaintiff, so as to make the same habitable and suitable for dwelling purposes, in order that the plaintiff and his family might reside therein during the time that the residence of the plaintiff was to be occupied" by defendant's testator; and that defendant's testator "would pay to the plaintiff the amount of such repairs as·aforesaid, and in return for which payment he should have the dwelling house first above mentioned, and for the time aforesaid." He further alleges that he subsequently ascertained that the cost of such repairs would be the sum of $500, and informed defendant's testator thereof, which sum said testator thereupon promised to pay to the plaintiff; that thereafter he caused such repairs to be made, and paid the sum of $500; and that neither the testator nor the defendant has paid any part thereof. The case was referred to a referee, and he found in favor of the plaintiff in the sum of $500, for which amount, with costs, judgment was entered against the defendant; and she thereupon appeals to this court.

The referee, in his report, finds that the plaintiff was the owner of a residence in Greenport, Columbia county, and also of a cottage or small house situated near the first-mentioned residence; that the plaintiff and defendant's testator entered into an agreement by which the plaintiff leased to said testator, and he agreed to take, the residence, from the 15th day of May, 1893, or thereabouts, until the 1st day of October, 1893, or thereabouts; that the plaintiff agreed to place in repair the small house or cottage, so that he and his family might occupy the same, and enable the testator to occupy the residence; and that testator "on his part promised and agreed that for such repairs, and for the use of said first-mentioned house for himself and his family, for the period aforesaid, he would pay the plaintiff the sum of $500, and, if such repairs exceeded the sum of $500, that he would, in addition thereto,

pay such excess." It appears that before the time of the occupancy of the residence arrived, and on the 10th day of May, 1893, defendant's testator died, and that his family declined to occupy the residence in question, which, as a matter of fact, was occupied by the plaintiff and his family during the period for which it had been rented. The plaintiff and defendant's testator were brothers. The residence in question was the family residence, and it appeared pretty conclusively upon the trial, as indicated by the complaint, that the arrangement was that the testator should occupy the family residence during the summer season of 1893, and that the plaintiff and his family should place in a habitable condition the cottage belonging to the plaintiff, and that the testator, as rent for the family residence, should pay the expenses that the plaintiff should be put to in repairing said cottage; that, after this agreement, the plaintiff made inquiries as to the probable expense of repairing the cottage, and informed the testator that it would be about the sum of $500, which the testator agreed to pay, saying also, if it cost more than $500, that he would pay the excess. In other words, the amount of rent to be paid by testator for the occupation of plaintiff's dwelling house was to be measured by the cost of the repairs to the cottage. The promise to pay $500 was made after the agreement to rent the residence, and to pay for repairing the cottage as the rent thereof, had been made, and upon the plaintiff's informing the testator that such repairs would cost $500; and this promise to pay $500 was coupled with the further assurance that, if such repairs cost more than $500, he would pay the excess. The plain, reasonable interpretation of the agreement was that defendant's testator was to pay the expenses of repairing the cottage. If that was $500, that was what he was to pay; if it was in excess of $500, he was to pay such excess; and, if the repairs were less than $500, such lesser amount would be the rent. The referee has found that the plaintiff paid for repairing the cottage "about the sum of $500," for which amount he renders judgment. As a matter of fact, the plaintiff did not pay to exceed $460. The only testimony in the case upon that subject shows that the contract was for $395, and there was some extra work done, which brought the total amount up to between $450 and $460. The contractor who did the work, in response to the question, "How much was paid?" said, "As near as I can remember, $450 or $460." His written proposal to do the work specified two methods, for one of which he would charge $365, and for the other $395. In response to the question as to which the work was done under, he answered: "My recollection is $395. Mr. Aitkin paid between $450 and $460. The difference between the $395 was for extra work, such as gutters, that we had not figured on. I can't tell exactly how much until I see the books and bills." This witness was the only one sworn as to the amount paid by the plaintiff for the repairs in question.

The judgment should therefore be reduced to $460, as of October 1, 1893, and, as so reduced, affirmed, without costs to either party of this appeal. All concur.